UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

IN RE:                                                                           CASE NO. 13-20242
PWK TIMBERLAND, LLC

## **MOTION TO LIFT AUTOMATIC STAY**

NOW INTO COURT, through undersigned counsel, comes Melissa White Harper, Lillian Ruth Harper, Rachel Elizabeth Harper, Sarah Virginia Harper, James Roland Harper, IV, Esther White Goldstein, Daniel Merritt Goldstein, Melissa Catherine Goldstein, Herman Aubrey White, III, Tiffany Leigh White, and Brittany Elisabeth White (hereinafter referred to as "Withdrawing Members") through their undersigned counsel, Ronald J. Bertrand, who, with respect, moves the Court as follows:

## **BACKGROUND**

1.

The Members and Withdrawing Members of PWK Timberland, LLC (PWK) are all related.

2.

The Members and Withdrawing Members of PWK had previously been minority members of several closely held corporations known as the Powell Group.

3.

The Members and Withdrawing Members of PWK through a lengthy process, reached a spin off with the Powell Group wherein the Powell Group transferred a proportionate share of assets to PWK (subsequently merged into PWK Timberland, LLC) with the Members and Withdrawing Members holding all the equity in PWK.

4.

PWK Corporation and PWK were formed with the specific purpose, to provide minority shareholder rights.

## HISTORY OF PWK

5.

PWK was formed on December 15, 2004.

6.

PWK merged with PWK Timberland, Corporation (which had been formed on February 21, 1995) on December 21, 2004.

7.

Articles of Organization of PWK Timberland, LLC were filed with the Secretary of State of Louisiana on December 15, 2004, a copy of which was recorded in the Conveyance Records of Calcasieu Parish, Louisiana on December 17, 2004, (a copy of the recorded document is attached hereto and incorporated herein, as Exhibit "A".

## Put Option

8.

Article XII, Section 2 of the Articles of Organization of PWK Timberlands, LLC, provides a mechanism whereby minority Members may elect to require the company (or its members)to redeem their membership interest conditioned upon their complying with the provisions for exercising of the option as set forth in the Articles of Organization of PWK Timberlands, LLC.

9.

The procedures for redemption of Minority Member's shares is referred to in the Articles of Organization as the "Put Option". See Section XII, Section 2 of the Articles of Organization.

10.

Upon a Member exercising his/her rights under the "Put Option", the Articles of Organization set forth a formula for determining the price of said Member's shares.

11.

The Withdrawing Members properly and timely exercised their right to demand a redemption of their membership interest pursuant to the Put Option.

12.

When it appeared that PWK was not complying with the Put Option and was intentionally delaying the procedures required by its own Articles of Organization, various litigations were instituted by the Withdrawing Members to compel compliance with the Put Option.

**HISTORY OF STATE COURT ACTION -
SUIT NUMBER 2011-2533 (MINERAL LITIGATIION)**

13.

On June 3, 2011, the Withdrawing Members instituted a lawsuit against PWK Timberland, LLC bearing number 2011-2533 on the docket of the 14th Judicial District Court, Parish of Calcasieu, State of Louisiana, seeking payment of mineral interests, royalties and rights due them under the Articles of Organization and specifically the Put Option.

14.

Litigation in suit number 2011-2533, was assigned to the Honorable David A. Ritchie (hereinafter referred to as the "Mineral Litigation"), who reviewed numerous pleadings and held numerous hearings, with Judgments being entered as follows:

    a.    Joint Stipulated Judgment signed on January 17, 2012;
(NOTE: This Judgment was entered following a Stipulation by the parties in open Court, and thereafter litigation over the contents of the Stipulation, after PWK amended its Articles of Organization following the exercise of the Withdrawing Members of their Put Option rights-with the restated Articles of Organization of PWK altering the rights of the Withdrawing Members pursuant to the Put Option, *ex post facto*. A copy of the Judgment is attached hereto and incorporated herein as Exhibit "B");

    and,

    b.    Judgment rendered on February 11, 2013, a copy of which is attached hereto and incorporated herein as Exhibit "C".

15.

PWK filed Writs of Certiorari to the Louisiana, Third Circuit Court of Appeals, which Writ of Certiorari was pending at the time PWK instituted its Chapter 11 Proceeding herein on March 22, 2013.

16.

Subsequent to the Chapter 11 filing, the Louisiana Third Circuit Court of Appeals, denied the Writ (See Exhibit "D")

17.

PWK has submitted a proposed Royalty and Mineral Deed to the Withdrawing Members, pursuant to PWK's interpretation of the Judgement dated February 11, 2013 (Exhibit "C"); which the Withdrawing Members do not believe complies with said Judgment.

**HISTORY OF STATE COURT PROCEEDING SUIT NUMBER 2011-002876 (PUT OPTION LITIGATION)**

18.

The Withdrawing Members instituted a lawsuit against PWK on June 21, 2011, seeking to force PWK to comply with the Put Option and fulfill its obligations in a reasonable and timely manner.

19.

The lawsuit concerning the Put Option was assigned to the Honorable D. Kent Savoie.

20.

Plaintiffs filed a First Supplemental and Amending Petition on March 4, 2013, asserting that:

> "Since the institution of these proceeding, the defendant has failed and refused to comply with its obligations under the Articles of Organization and, to the contrary, has done everything it could to delay this matter as long as possible"
>
> "The defendants strategy of delay has included directing its business appraiser to ignore the valuation provision of Article XII, Section 2 and instead provide a business evaluation contrary thereto, refused to provide information to the plaintiffs that would enable them to evaluate any appraisals of their interest, refusing to comply with discovery, refusing to sign the engagement letter which

Chavgney G. Pierce (the third business appraiser selected by the appraisers of the two sides), refusing to agree to a real estate appraiser to furnish Mr. Pierce with the necessary values of the real estate (rendering it impossible for him to do a valuation), refusing to provide information about the plaintiffs' undivided mineral interest or to convey those interest to the plaintiffs in kind as required by Article XII, Section 2 and in general refusing to cooperate in any manner as to avoid paying the plaintiffs the fair value of their interest that PWK is redeeming."

"In its corporate deposition PWK was questioned at length about this and admitted that plaintiffs had complied with the procedures for the redemption of their interest and that there was no basis to delay compensation the plaintiffs. PWK also indicated that its appraisal did not comply with Articles of Organization, and PWK was unable to provide any reason for its refusal to complete the redemption."

"This conduct constituted bad faith, breach of the Articles of Organization"

"The plaintiffs have sustained damages as a result of PWK's actions. Those damages includes, but are not limited to, loss of interest, increased costs in the form of unnecessary attorney fees and related expenses, and other damages, to be proven at trial";

and prayed for damages as set forth in the amended petition.

21.

The litigation has been contentious with many matters being brought before State District Judge Savoie, for his consideration, which includes the following pleadings, notices, orders, judgments, etc., to-wit:

    a)    June 21, 2011 - Original Petition

    b)    July 20, 2011 - PWK's Peremptory Exception of No Cause of Action

    c)    July 21, 2011 - Memorandum of PWK Timberland, LLC in support of PWK's Peremptory Exception of No Cause of Action;

d) October 21, 2011 - Withdrawing Members Memorandum in Opposition to Dilatory Exception and Want of Amicable Demand of Prematurity and Peremptory Exception of No Cause of Action

e) October 31, 2011 - PWK's Dilatory Exception of Prematurity and Want of Amicable Demand

f) October 31, 2011 - PWK's Memorandum in Support of Dilatory Exception of Prematurity and Want of Amicable Demand

g) February 7, 2012 - Order wherein PWK voluntarily withdraws its Exception of No Cause of Action, Prematurity and Want of Amicable Demand and is ordered to file its answer within 15 days from February 1, 2012

h) February 13, 2012 - PWK's Anwer

i) May 24, 2012 - PWK's Motion for Protective Order

j) May 24, 2012 - PWK's Memorandum in Support for Protective Order

k) June 11, 2012 - Withdrawing Members Motion to Compel Discovery

l) June 11, 2012 - Withdrawing Members Memorandum in Support of Motion to Compel Discovery and Opposition to Protective Order

m) June 12, 2012 - PWK's Motion for its Agreed Price to be Deemed Conclusive;

n) June 12, 2012 - PWK's Memorandum in Support of Motion's for Its Agreement Price to be Deemed Conclusive;

o) July 16, 2012 - Withdrawing Members Memorandum in Opposition to PWK's Motion for its Agreement Price to be Deemed Conclusive;

p) July 16, 2012 - Withdrawing Members Motion to Require PWK to instruct its appraiser to sign off on the engagement contract for the appointment of a third appraiser (Exhibit "E");

q) July 16, 2012 - Withdrawing Member Memorandum in Support of Motion to Order PWK to Instruct Its Appraiser to Sign Off on Engagement Letter for a Third Appraiser;

r) July 26, 2012 - Withdrawing Members Motion for Order Setting Scheduling Conference pursuant to Code of Civil Procedure Article 1551 and Uniform Rule 9.14

s)   September 19, 2012 - Withdrawing Members Notice of Video Deposition of Vanessa Claiborne;

t)   September 26, 2012 - Withdrawing Members Notice of Corporate Video Deposition Pursuant to Article 1442 of the Louisiana Code of Civil Procedure;

u)   September 26, 2012 - Withdrawing Members Notice of Video Deposition of Danny Plauche and Warren Peters;

v)   September 27, 2012 - PWK's Notice to Take Deposition of Byron Core;

x)   September 27, 2012 - PWK'c Notice to Take Deposition of John "Mack" Love;

y)   September 27, 2012 - PWK's Notice to Take Deposition of Daphne Bordelon Berken;

z)   September 27, 2012 - PWK's Notice to Take Deposition of H. Aubrey White;

aa)  October 16, 2012 - Withdrawing Members Notice of Amended Notice of Video Deposition of Danny Plauche and Warren Peters;

bb)  November 16, 2012 - Withdrawing Members Notice of Deposition of Records Only to Scalisi, Myers and White;

cc)  January 4, 2013 - Withdrawing Members Motion to Compel Discovery with Incorporated Memorandum of Authority;

dd)  March 4, 2013 - Withdrawing Members First Supplemental and Amending Petition

ee)  March 7, 2013 - Transcript of February 6, 2013, Hearing filed;

ff)  March 7, 2013 - Judgment on Motions (copy attached as Exhibit "F") wherein Withdrawing Members Second Motion to Compel filed on January 4, 2013, was granted as follows:

> "By February 28, 2013, PWK shall produce all documents, responsive to the request for production contained in the Plaintiff's Notice to Depose PWK pursuant to Article 1442 of the Code of Civil Procedures, said Notice being dated September 26, 2012."

> "Any documents not being produced shall be noted on privilege log that identifies what is being withheld and the privilege being claimed and is furnished as the same time as the documents being produced"
>
> "Any documents not being produced shall also be provided to the Court for **in camera** inspection by February 28, 2013"
>
> "By February 28, 2013, the Gray Law Firm shall produce all documents to or from the Gray Law and PWK as it concerns the plaintiff's exercise of the Put Option for an in camera inspection"
>
> "PWK shall not destroy or move or relocate any files, notes, drafts or documents of any kind that relate to this litigation in any way until further orders of this Court"

The Court Order further denied PWK's Motion for Protective Order.

gg) January 22, 2013 - Withdrawing Members Motion for Partial Summary Judgment regarding interpretation of Article XII, Section 2 (Copy attached as Exhibit "G"-without attachments);

hh) January 22, 2013 - Withdrawing Members Brief in Support of Motion for Partial Summary Judgment regarding interpretation of Article XII, Section 2 (Copy attached as Exhibit "H"-without attachments);

ii) January 28, 2013 - PWK's Opposition for Motion to Compel Discovery filed plaintiffs on June 11, 2012;

jj) January 28, 2013 - PWK's Opposition to Motion to Compel Discovery filed by Plaintiffs on January 4, 2013;

kk) February 6, 2013 - Withdrawing Members Notice of Video Deposition of King White, M.D. for March 25 2013;

ll) Februrary 20, 2013 - Withdrawing Members Motion to Compel Discovery (with incorporated memorandum of authorities) with Order for Hearing on March 26, 2013, at 9:00 a.m. (Exhibit "I");

mm) February 22, 2013 - Withdrawing Members Notice of Deposition of Leo Scalisi, CPA for March 25, 2013;

nn) March 18, 2013 - PWK's Opposition to Plaintiff;s Motion for Partial Summary Judgment regarding interpretation of Article XII, Section 2 (Copy attached as Exhibit"J");

oo) March 21, 2013 - Notice of Hearing (Exhibit "K")
scheduling various matters for hearing on March 26, 2013, to wit:

1) Motion of Plaintiffs to Require PWK to Instruct its Appraiser to Sign off on the Engagement Contract for Appointment of a Third Appraiser filed o0n 7/16/12;
2) Plaintiff's Motion to Compel filed 2/14/13; and,
3) Plaintiff's Motion for Partial Summary Judgment regarding the interpretation of Article XII, Section 2 filed on January 22, 2013.

Further the Notice set trial on the merits as a first fixing for May 13, 2013.

22.

The Bench Trial of the matter was scheduled for hearing on May 13, 2013, at 9:00 a.m. as a <u>first fixing</u> (See Notice of Hearing dated March 21, 2013 - Exhibit "K").

23.

Also pending in the District Court, although no date being set for the rendering of an opinion, were documents turned over to the State District Court Judge for review in camera including but not limited to any documents not being produced as a result of a claims of privilege which were to have been produced to the State District Court Judge by February 28, 2013; and all document to and from the Gray Law Firm and PWK as it concerns the plaintiff (Withdrawing Members) exercise the Put Option. Due to the rapidly approaching Trial Date of May 13, 2013; the Withdrawing Members anticipate a ruling by State District Judge Savoie at the hearing on March 26, 2013.

**BANKRUPTCY**

24.

PWK filed its voluntary petition pursuant to Chapter 11 of the United States Bankruptcy Code on March 22, 2013, a Friday.

25.

On the following Monday following the Friday Chapter 11 filing, two depositions were scheduled, which had to be cancelled, namely:

    a)    Deposition of King White, M.D., a Member of PWK and,
    b)    Deposition of Leo Scalisi, the CPA for PWK.

26.

Further, on the Tuesday following the Friday Chapter 11 filing, there had been scheduled multiple hearings in the State District Court as to the following:

    a)    Withdrawing Members Motion to Require PWK Timberland, LLC to instruct its appraiser to sign off on the engagement contract for the appointment of a third appraiser;

    b)    Withdrawing Members's Motion to Compel filed February 14, 2013;

    c)    Withdrawing Members's Motion for Partial Summary Judgment regarding interpretation of Article XII, Section 2 filed on January 22, 2013;

           SEE: Notice of Hearing March 21, 2013, (Exhibit "K")

    d)    Also set for hearing is the Withdrawing Members Motion to Compel Discovery (with incorporated memorandum of authorities) filed February 20, 2013.

**LIFT OF STAY AS TO MINERAL LITIGATION**

27.

The Withdrawing Members are seeking Lifting of the Automatic Stay as to the Mineral Litigation as follows:

    a.    To retroactively Lift the Stay to allow for the Louisiana Third Circuit Ruling denying Writs to become final and effective; and,

    b.    To allow for further proceeding before State District Judge Ritchie to interpret the language of his prior Judgments and to insure that the Royalty and Mineral Deed, Ordered executed by the PWK in favor of the Withdrawing Members comply with his Judgments.

## MOTION TO LIFT STAY TO ALLOW STATE COURT LITIGATION TO PROCEED
### (COMPLIANCE WITH PUT OPTION)

28.

The language of the Put Option is clear.

29.

There is no dispute that the Withdrawing Members properly exercised their option to withdraw from PWK and have PWK redeem their membership interest pursuant to Article XII, Section 2 of the Articles of Organization of PWK. Same has been acknowledged by PWK in sworn deposition and in pleadings before the 14th Judicial District Court. Same has also been acknowledged in 2004 Examinations taken in conjunction with this Bankruptcy Casse.

30.

PWK obtained an appraisal of the properties, although said appraisals were not in compliance with Article XII, Section 2 of the Articles of Organization of PWK.

31.

Pursuant to Article XII, Section 2, PWK's appraiser and the Withdrawing Members appraiser have agreed to a third appraiser, namely Mr. Chavgney G. Pierce. PWK has not disputed this and has acknowledge same as being true in 2004 Examinations taken pursuant to this Chapter 11 Bankruptcy Case.

32.

The third appraiser, Mr. Pierce, has submitted an engagement letter which has been executed by the Withdrawing Members and their appraiser; however, the engagement letter has not been executed by PWK and/or its appraiser.

33.

The Withdrawing Members have paid their one-half of the retainer of the third Appraiser (Mr. Pierce) in the sum of $25,000.00; however, PWK has not paid its half, although having sufficient funds to pay same. (Note: PWK paid dividends to its members totaling $174,084.56 on February 18, 2013, after knowing about Mr. Pierce's retainer).

34.

The mechanism of computing the Agreement Price pursuant to the terms and conditions of the Put Option contained in Article XII, Section 2 of the Articles of Organization of PWK cannot be completed without PWK's executing the engagement letter with the third appraiser, and paying its portion of the retainer.

35.

Regardless of whether the matter is before the Bankruptcy Court or the State Court, PWK should be required to sign the engagement letter as to the third appraiser.

36.

After the Agreement Price is obtained, the Put Option contains provisions that allow PWK to pay in full or pay over five years; however, payment terms and schedules cannot be determined until the Agreement Price per membership interest is determined.

37.

The Withdrawing Members are seeking a Lift of the Stay to proceed in State Court as to the Put Option Litigation, to allow for State Court Judge Savoie to proceed to litigate the remaining issues in said Litigation, to determine the Agreement Price pursuant to Article XII, Section 2 of the Articles of Organization of PWK, together with damages, costs and attorney fees the Withdrawing Members are entitled pursuant to their First Supplemental and Amending Petition.

38.

Alternatively, the Withdrawing Members are seeking a Lift of the Stay to allow the State Court Judge to continue with the hearings that had been scheduled for March 26, 2013, namely:

a) Withdrawing Members Motion to Require PWK Timberland, LLC to instruct its appraiser to sign off on the engagement contract for the appointment of a third appraiser;

b) Withdrawing Members's Motion to Compel filed February 14, 2013;

c) Withdrawing Members's Motion for Partial Summary Judgment regarding interpretation of Article XII, Section II filed on January 22, 2013;

d) Withdrawing Members Motion to Compel Discovery (with incorporated memorandum of authorities) filed February 20, 2013; and,

f. Determining what documents reviewed in *camera* inspection will be produced to the Withdrawing Members.

## BASIS FOR LIFT OF STAY

39.

The schedules filed in the PWK bankruptcy proceeding reflect that the Withdrawing Members are the only creditors. Note: The Schedules list Executory Contracts; however, all are being accepted.

40.

The State Court proceedings do not involve any bankruptcy issues or other Federal Court issues. All issues are State Law issues.

41.

The State Court proceedings are not "CORE" proceeding.

42.

No motion to remove the proceedings to this Court has been filed.

43.

The State Court proceeding has been extremely contentious as reflected by the various pleadings that have been filed in the cases.

44.

The State Court proceedings are moving rapidly, as is reflected by the State Court proceedings being filed in mid 2011, and major hearings having been conducted in the Mineral Litigation, with two Judgments being entered. In the Put Option Litigation, numerous rulings have been made and the matter was set for trial on May 13, 2013- which was cancelled due to the Bankruptcy filing.

45.

The Put Option Litigation has been ongoing and active and State Court Judge Savoie is extremely familiar with the case.

46.

Except for the discovery disputes and the depositions of King White, M.D. and Leo Scalisi, CPA, the matter was scheduled to proceed to trial on May 13, 2013. (Note: The testimony of King White, M.C. and Leo Scalisi, CPA has been obtained through 2004 Examinations in the Bankruptcy Proceedings)

47.

The State Court Judge holds various documents (in *camera*) and it is anticipated that he will be ruling the admissibility of same at the time he rules on the various pending Motions.

48.

The State Court Judge is extremely active and knowledgeable as to the facts and issues pending before him and, although this Honorable Court has the knowledge to rule on the issues, it does not have the historic background that the District Court has learned and developed over the last eighteen months through the active, contentious and intense litigation.

49.

Withdrawing Members would recommend that it would be in the best interest of all parties and would serve judicial economy if the stay be lifted to allow the State Court litigations, pending before District Judges Savoie, to continue to a decision as to the value of the membership interest pursuant to the Put Option, Article XII, Section 2, of the Articles of Organization of PWK and to determine the damages, costs and attorney fees the Withdrawing Members are entitled pursuant to their First Supplemental and Amending Petition. Withdrawing Members would suggest the same is true for the matters before State District Court Judge Ritchie as to the Mineral Litigation

50.

The Withdrawing Members have taken several 2004 Examinations and continue to take 2004 Examinations and seek additional discovery; and reserve their rights to file supplemental Motions and/or Memorandum in support of their Motion to Lift Stay.

WHEREFORE, the Withdrawing Members Pray, that after notice and an opportunity for a hearing that this Honorable Court grant the Withdrawing Members Motion for Lifting of the Automatic Stay to allow them to proceed through State Court as follows:

- A. Granting Lift of Stay as to Suit Number 2011-2533 (Mineral Litigation), as follows:
  1. To retroactively Lift the Stay to allow for the Louisiana Third Circuit Ruling denying Writs to become final and effective; and,

  2. To allow for further proceeding before State District Judge Ritchie to interpret the language of his prior Judgments and to insure that the Royalty and Mineral Deed, Ordered executed by the PWK in favor of the Withdrawing Members comply with his Judgments.

- B. Granting Lift of Stay as to Suit Number 2011-2876 (Put Option Litigation), as follows:
  1. To allow State Court Judge Savoie to proceed to litigate the remaining issues in said Litigation, to determine the Agreement Price pursuant to Article XII, Section 2 of the Articles of Oranization of PWT, and to determine the damages, costs and attorney fees the Withdrawing Members are entitled pursuant to their First Supplemental and Amending Petition.; and,

2.  Alternatively,to allow the State Court Judge to continue with the hearings that had been scheduled for March 26, 2013, namely:

    a)  Withdrawing Members Motion to Require PWK Timberland, LLC to instruct its appraiser to sign off on the engagement contract for the appointment of a third appraiser;

    b)  Withdrawing Members's Motion to Compel filed February 14, 2013;

    c)  Withdrawing Members's Motion for Partial Summary Judgment regarding interpretation of Article XII, Section II filed on January 22, 2013;

    d)  Withdrawing Members Motion to Compel Discovery (with incorporated memorandum of authorities) filed February 20, 2013; and,

    f.  Determining what documents reviewed in camera inspection that will be produced to the Withdrawing Members.

The Withdrawing Members Further Pray that they be allowed to supplement this Motion for Lift of Stay with a Supplemental Pleadings and/or Memorandum after 2004 Examinations and other discovery have been completed.

Respectfully submitted by:

 /s/ Ronald J. Bertrand
RONALD J. BERTRAND (#3059)
Attorney at Law
714 Kirby Street
Lake Charles, Louisiana 70601
337-436-2541
337-436-7591 (FAX)

J. MICHAEL VERON (#7570)
ALONZO P. WILSON (#13574)
VERON, BICE, PALERMO & WILSON, L.L.C.
P.O. Box 2125
Lake Charles, Louisiana 70602
337-310-1600
337-310-1601 (FAX)


BY:   /s/ J. Michael Veron
      J. MICHAEL VERON

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

IN RE:                                                           CASE NO. 13-20242
PWK TIMBERLAND, LLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing Motion for Lift of Stay has this date been served upon Mr. Gerald J. Casey, Attorney at Law, 613 Alamo Street, Lake Charles, Louisiana 70601, and the Office of the U. S. Trustee, 300 Fannin Street, Suite 3196, Shreveport, Louisiana 71101, by United States Mail, postage prepaid and properly addressed.

Lake Charles, Louisiana this 15th day of May, 2013.

                                                /s/ Ronald J. Bertrand
                                                RONALD J. BERTRAND